IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES EDWARD MOONEYHAM, )<br>individually and as personal representative )<br>for the estate of Rebecca Jean Marks, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATURMED, INC., and )<br>INDEPENDENT VITAL LIFE, LLC )<br>)<br>Defendants. )<br>_____<br>NATURMED, INC., )<br>)<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>BACTOLAC PHARMACEUTICAL, INC., )<br>)<br>Third Party Defendant. ) | CIVIL ACT. NO. 3:17cv162-WKW<br>(WO) |

**MEMORANDUM OPINION and ORDER**

Before the court is third-party defendant Bactolac Pharmaceutical, Inc.'s ("Bactolac") motion to reconsider (doc. # 122) filed on February 26, 2018. The court heard oral argument on the motion on March 13, 2018. Because of the nature of this case, a detailed procedural history is necessary to set the stage for resolution of Bactolac's motion to reconsider.

On March, 20, 2017, plaintiff James Edward Mooneyham ("Mooneyham"),

1

individually and as personal representative for the estate of his late wife Rebecca Jean Marks ("Rebecca Jean"), brought a wrongful death action against NaturMed, Inc. doing business as Institute for Vital Living. In his complaint, Mooneyham alleged that Rebecca Jean died as a direct result of ingesting All Day Energy Greens manufactured and marketed by NaturMed, Inc. ("NaturMed").

On April 11, 2017, NaturMed brought a third party complaint against Bactolac alleging that if NaturMed's product was defective, the defect or contaminant was introduced by Bactolac. In its third party complaint, NaturMed asserted claims of indemnity, breach of contract and breach of warranty against Bactolac. On May 16, 2017, Bactolac filed an answer to NaturMed's third party complaint.

On June 20, 2017, the court entered a FED.R.CIV.P. 16 scheduling order setting September 1, 2017 as the deadline for filing "[a]ny motions to amend the pleadings and to add parties." (Doc. # 24). Prior to the expiration of the deadline to file an amendment to the pleadings and after being granted leave by the court, Mooneyham filed amended complaints on August 29, 2017 (doc. # 41) and October 17, 2017 (doc. # 62). On October 23, 2018, the court granted the plaintiff's motion to amend the scheduling order but declined to extend the deadline for filing amendments to the pleadings or for adding parties. *See* Doc. # 70.

On January 26, 2018, Mooneyham filed a complaint against Bactolac styled as a "FED.R.CIV.P. 14(a)(3) complaint" in which he alleges direct claims of wrongful death-products liability, wrongful death-negligence and wantonness, wrongful death and loss of

consortium against third-party defendant Bactolac. *See* Doc.# 113. On February 16, 2018, Bactolac filed a motion to strike the "third amended complaint." (Doc. # 116). Bactolac alleged that, notwithstanding Mooneyham labeling the complaint a "so-called 'Rule 14(a)(3)' complaint," in actuality, the pleading was an improper amendment to the complaint and was untimely pursuant to the FED.R.CIV.P. 16 scheduling order. *See Id*.

On February 19, 2018, Mooneyham filed a motion for leave to file a third amended complaint which the court granted. Mooneyham then filed his third amended complaint on February 20, 2018. This third amended complaint is not the "Rule 14(a)(3) complaint" earlier filed by Mooneyham. Because Mooneyham had sought leave to file the third amended complaint, the court denied Bactolac's motion to strike the "third amended complaint." Because of the labels on the motions, the court erroneously understood that Bactolac's "Motion To Strike Or Dismiss Plaintiff's Third Amended Complaint" was directed against Mooneyham's third amended complaint (Doc. # 117) and not his Rule 14(a)(3) complaint. (Doc. # 113) In any event, what happened next serves to rectify the confusion.

On February 26, 2018, Bactolac filed its motion to reconsider (Doc. # 122) the motion to strike. (Doc. # 116) Bactolac contends that the plaintiff's Rule 14(a)(3) complaint filed on January 26, 2018 is improperly filed, untimely and prejudicial to it. Bactolac argues that the pleading is an amendment to the complaint, was filed without leave of the court, is well beyond the deadline set by the court in its FED.R.CIV.P. 16 scheduling order, and Mooneyham was dilatory in waiting so late to file his claims

3

against it. Bactolac further asserts that it will prejudiced if it is required to defend new claims against it with less than eleven weeks left in the discovery period. *See* Doc. # 129 at 8-9.

## DISCUSSION

Mooneyham contends that FED.R.CIV.P. 14(a)(3) permits him to "assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." He is correct about that, and the parties do not dispute that Mooneyham may assert claims directly against Bactolac. *See* FED.R.CIV.P. 14(a)(3).

The parties do not dispute that Mooneyham's direct claims against Bactolac arise out of his claims against NaturMed. The crux of the issue before the court is whether the Rule 14(a)(3) complaint filed on January 26, 2018, is an amendment to Mooneyham's complaint and, therefore, bound by the deadlines set forth in the the court's FED.R.CIV.P. 16 scheduling order. Or is it is a new pleading which consistent with the Rules can be filed anytime before it is barred by the statute of limitations. Mooneyham argues that the complaint is a new pleading permitted under Rule 14(a)(c) and should not be considered an amendment. Bactolac asserts that the pleading is an amendment that is untimely and filed without leave of the court.

The applicable Rule itself is unclear as to how the pleading should be characterized. For example, FED.R.CIV.P. 14(a)(1) permits a defendant as a third-party plaintiff to implead a non-party who may be liable to it, but the rule mandates that the

4

third-party plaintiff "obtain the court's leave if it files the third-party complaint more than 14 days after serving its original complaint." Rule 14(a)(3) does not, however, contain the same time limitation regarding a plaintiff's right to assert claims against an impleaded third-party defendant.

> The plaintiff *may* assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."

FED.R.CIV.P. 14(a)(3) (emphasis added).

> The 1946 advisory committee's note to FED. R. CIV. P. 14 states that
>
> the next to last sentence of subdivision (a) has been revised to make clear that the plaintiff may, if he desires, assert directly against the third-party defendant *either by amendment or by a new pleading* any claim he may have against him."

FED.R.CIV.P. 14 advisory committee's note to 1946 amendment (emphasis added).

On the other hand, the advisory committee's note to the 2007 amendment states that "[a] plaintiff should be on equal footing with the defendant in making third-party claims, whether the claim against the plaintiff is asserted as a counterclaim or as another form of claim." FED.R.CIV.P. 14 advisory committee note's to 2007 amendment. The case law regarding Rule 14(a)(3) is sparse, and does not address a pleading that adds new claims to the litigation.

After careful consideration, the court concludes that the permissive language of FED. R. CIV. P. 14 (a)(3), coupled with the advisory committee's note that specifically contemplates in the disjunctive the filing of an amendment *or* a new pleading, persuades

5

the court that, pursuant to FED.R.CIV.P. 14(a)(3), Mooneyham's complaint is a new pleading that is not constrained by the time restrictions of the court's scheduling order.

At oral argument, Bactolac argued that there was no need for Mooneyham to bring direct claims against it because it could be held liable by virtue of NaturMed's claims against it. It is true that there exists the possibility that NaturMed will be held liable and could then seek indemnification from Bactolac. However, there is also a foreseeable possibility that Bactolac could be found liable even if NaturMed is not, especially in light of NaturMed's third-party complaint in which it alleges that Bactolac adulterated, contaminated or mislabeled its product. Consequently, the fact that NaturMed has indemnity claims against Bactolac does not implicate Mooneyham's direct claims against Bactolac.

Finally, Bactolac contends that it would be prejudiced by allowing the complaint at this late date. According to Bactolac, Mooneyham knew as early as April 2017 that he could bring direct claims against it. Bactolac argues that it would have handled this case differently had direct claims against it been pending. Mooneyham counters that he did not have the necessary factual basis to bring direct claims against Bactolac until after depositions, testing and a site visit, all of which occurred in December 2017. Just because NaturMed had facts to assert a third-party complaint against Bactolac in April 2017 does not mean that Mooneyham had access to those same facts. The court cannot, and will not, impute NaturMed's knowledge about the underlying facts involving Bactolac to Mooneyham.

More importantly, however, Bactolac concedes that if Mooneyham is disallowed from bringing his claims against Bactolac in this litigation, he could very simply file another lawsuit against Bactolac because the statute of limitations has not yet run on his claims. The Federal Rules of Civil Procedure encourage the "just, speedy and inexpensive determination of every action," and discourage piecemeal litigation. *See* FED.R.CIV.P. 1. Because Mooneyham could pursue his claims against Bactolac in a separate action, Bactolac has failed to demonstrate that it would be prejudiced by permitting Mooneyham to prosecute his direct claims against it in this litigation.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc*, 501 U.S. 32, 43 (1991)). *See also Kelsey v. Withers*, 2017 WL 5988382, *2 (11th Cir. Dec. 4, 2017) (No. 16-15567) (quoting *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("District courts have unquestionable authority to control their own dockets," including "broad discretion in deciding how best to manage the cases before them.") (internal quotation marks omitted). At this juncture, the court concludes that to promote the "orderly and expeditious disposition" of all issues raised by this litigation, Mooneyham should be permitted through the filing of his FED. R. CIV. P. 14(a)(3) complaint to pursue his direct claims against Bactolac in this action.

## CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

7

ORDERED that Bactolac's motion to reconsider the court's order denying its motion to strike or dismiss (doc. # 122) be and is hereby DENIED.

Done this 16th day of March, 2018.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE