IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JAMES EDWARD MOONEYHAM, )
individually and as personal representative )
for the estate of Rebecca Jean Marks, )
)
Plaintiff, )
)
v. )
)
NATURMED, INC., and )
INDEPENDENT VITAL LIFE, LLC )
)
Defendants. )
_____    CIVIL ACT. NO. 3:17cv162-WKW
                                            (WO)
NATURMED, INC., )
)
Third Party Plaintiff, )
)
v. )
)
BACTOLAC PHARMACEUTICAL, INC., )
)
Third Party Defendant. )

**MEMORANDUM OPINION and ORDER**

Now before the court is NaturMed's motion to compel Bactolac to produce documents and witnesses (doc. # 126) filed on March 9, 2018. Bactolac has filed a response in opposition to the motion to compel (doc. # 140) and the court heard oral argument on the motion on March 26, 2018. For the reasons that follow, the court concludes that the motion to compel should be granted in part and denied in part.

FED.R.CIV.P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense . . . " The Committee Comments to FED.R.CIV.P. 26 confirm that requiring relevance to a claim or defense "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." GAP Report of Advisory Committee to 2000 amendments to Rule 26.

In determining what discovery to allow, the court is likewise guided by some other fundamental principles. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1).

> [D]istrict courts have broad discretion in fashioning discovery rulings, they are bound to adhere "to the liberal spirit of the [Federal] Rules." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir. 1973). The Federal Rules do not give district courts "blanket authorization . . . to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Williams v. City of Dothan, Ala.,* 745 F.2d 1406, 1416 (11th Cir. 1984) (quoting *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2nd Cir. 1983)).

*Adkins v. Christie,* 488 F.3d 1324, 1331 (11th Cir. 2007).

"Rule 26 . . . [(b)(1)] is highly flexible, having been designed to accommodate all relevant interests as they arise . . . " *U. S. v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999). In particular, considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced. *See, e.g., Seattle Times Co. v.*

*Rhinehart*, 467 U.S. 20, 35 n. 21 (1984) ("Although ... Rule [26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").

Remaining at issue in this case are NaturMed's request for production of internal documents; its request to produce witnesses for depositions; and its request to produce batch records. At oral argument, Bactolac agreed to produce any internal documents related to the NaturMed product at issue. Accordingly, the court will grant the motion to compel with respect to Bactolac's internal documents. Bactolac shall produce responsive internal documents on or before April 16, 2018.

NaturMed also seeks production of the full names and last known addresses of two of Bactolac's employees who blended the NaturMed product as well as two other employees who blended other lots of products. Bactolac produced the full names and last known addresses of blenders identified as Mario and Emilio. Bactolac also agreed to produce the blender who still works at Bactolac for deposition. Bactolac acknowledged that a fourth employee who blended products is no longer employed by Bactolac. With respect to the fourth employee who is no longer employed by Bactolac, and the employee blender who is still employed by Bactolac, the court will order Bactolac to provide the names of these blenders and the last known address of the blender no longer employed within 14 days from the date of this order. Bactolac shall also make the employee blender who is still employed available for deposition within sixty days from the date of this order.

NaturMed seeks to depose Bactolac employees Vijay Bhatt and Dr. Pailla Reddy. Bactolac agrees that to produce these employees for deposition. Accordingly, the court will require Bactolac to make these witnesses available for deposition within sixty days of the date of this order.

Finally, NaturMed seeks batch sheets related to the certification of the ingredients in lots of products at issue in this case. These documents go to NaturMed's cross-claim which has not yet been filed. Accordingly, the court will reserve resolution of this issue pending resolution of NaturMed's motion to convert counterclaims into cross claims.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the motion to compel (doc. # 126) be and is hereby GRANTED in part and DENIED in part as follows:

1. With respect to the request for NaturMed's request for internal documents, the motion to compel be and is hereby GRANTED to the extent that Bactolac shall produce any responsive internal documents related to the NaturMed product at issue on or before 16, 2018.

2. With respect to NaturMed's request for the name of the employee blender no longer employed as well as the name of the still employed blender, the motion to compel be and is hereby GRANTED to the extent that on or before April 9, 2018, Bactolac shall produce the full name and last known address of the employee no longer employed and the full name of the still employed blender.

4

3. With respect to NaturMed's request to depose certain witnesses, the motion to compel be and is hereby GRANTED to the extent that Bactolac shall make Vijay Bhatt, Pailla Reddy, and the still employed blender available for deposition within sixty days from the date of this order.

4. With respect to NaturMed's request for batch sheets related to the certification of the ingredients in lots of products at issue in this case, the court will withhold resolution of this issue pending resolution of NaturMed's motion to convert counterclaims into cross claims.

5. In all other aspects, the motion to compel be and is hereby DENIED.

Done this 27th day of March, 2018.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE